ACCEPTED
04-15-00052-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/31/2015 6:03:05 PM
KEITH HOTTLE
CLERK

# NO. 04-15-00052-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/31/15 6:03:05 PM
KEITH E. HOTTLE
Clerk

IN THE FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

BILLY C. WHITFIELD AND CAROLYN WHITFIELD,

Appellants

v.

CHARLES THOMAS ONDREJ, EDWARD MICHAEL ONDREJ, ELIZABETH ANN ONDREJ, EVELYN JEAN ONDREJ, HELEN MARIE ONDREJ, KATHRYN SUE ONDREJ, LORAINE ELLEN ONDREJ, PAUL ANTHONY ONDREJ, CAROL K. PARIS, AND GENEVIEVE MAHER,

Appellees

On Appeal from the District Court
81st Judicial District
Karnes County, Texas
Trial Court Case 12-10-00231-CVK

## MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, FOR A SECOND EXTENSION OF TIME TO FILE APPELLEES' BRIEF(S)

WILLIAM H. OLIVER
State Bar No. 15265200
PIPKIN & OLIVER L.L.P.
1020 N.E. Loop 410, Suite 810
San Antonio, Texas 78209
Telephone: (210) 820-0082
Fax No.: (210) 820-0077
wholiver@pipkinoliver.com
Attorney for Karen Bradley,
Independent Executrix of the Estate
of Appellee Genevieve Maher

JERRY T. STEED
State Bar No. 19097500
STEED BARKER, PLLC
8610 N. New Braunfels, Suite 705
San Antonio, TX 78217
Telephone: (210) 829-8833
Fax No.: (210) 622-2808
jtsteed@steedbarkerlaw.com
Attorney for Appelles Ondrej and Paris

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COME APPELLEES, Charles Thomas Ondrej, Edward Michael Ondrej, Elizabeth Ann Ondrej, Evelyn Jean Ondrej, Helen Marie Ondrej, Kathryn Sue Ondrej, Loraine Ellen Ondrej, Paul Anthony Ondrej, Carol K. Paris and Karen Bradley, Executrix of the Estate of Genevieve Maher, and files this Motion to Dismiss For Lack of Jurisdiction and, in the Alternative, for a Second Extension of Time to File Appellees' Brief, stating as follows:

## MOTION TO DISMISS

Appellants' Notice of Appeal is premature and should be dismissed because the Summary Judgment being appealed is a non-appealable interlocutory order. The order from which Appellants' appeal does not resolve Defendants' claims for attorneys' fees under the Declaratory Judgment Act. Because the judgment did not resolve all claims, it was not a final judgment and is not appealable. *See, Lehman v. Harbour Title Co.*, 39 S.W.3d 191, 205 (Tex. 2001) ("when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party").

Defendants' requests for attorneys' fees (1 CR 88, 91; 1 CR 93, 86; 1 CR 294, 296) were not before the Court on summary judgment. *See,* 2 CR 662 (Ondrej/Paris Motion); 2 CR 488 (Bradley/Maher Motion); 3 CR 724 (Plaintiffs' Motion). The "Mother Hubbard clause" in the judgment – i.e., "All relief not

expressly granted herein is hereby DENIED" – did not create a final judgment. Indeed, the supreme court has noted that such clauses in the summary judgment context are "ambiguous" *Id.* at 204, 206. The reason, as the court explained, is that such clauses:

> "may mean only that the relief requested *in the motion* -- not all the relief requested by anyone in the case – and not granted by the order is denied."

*Id.* at 204 (emphasis original). Thus, our supreme court has held that,

> "the inclusion of a Mother Hubbard clause -- by which we mean the statement, 'all relief not granted is denied', or essentially those words -- does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal."

*Lehman*, 39 S.W.3d at 203-204.

Accordingly, under *Lehman,* the trial court's January 8, 2015, order regarding the parties' summary judgments, which did not address all claims by all parties before the court, was not a final, appealable judgment. Therefore, this Court lacks jurisdiction and has the authority under Tex.R.App.P. 42.3(a) to dismiss this appeal.

## SECOND MOTION FOR EXTENSION OF TIME

Alternatively, and in the unlikely event that Appellees' Motion to Dismiss is denied, Appellees requests an extension of time to file Appellees' briefs. Appellees' brief(s) should not be due unless and until this Motion to Dismiss is denied. Therefore, Appellees request that their briefing deadline be set at least fifteen (15) days after any denial of this Motion to Dismiss. Such an extension will prevent Appellees from incurring unnecessary legal fees to prepare brief(s) that are likely to become moot now and to never be necessary in the future.

Appellants' Notice of Appeal is clearly premature and likely to be dismissed. Following return to the trial court for resolution of Defendants'/Appellees' attorneys' fees claims, Plaintiffs/Appellants are unlikely to re-appeal the summary judgments against them. One ground that Defendants/Appellees asserted for summary judgments was that the statutes of limitations bar the Whitfields' claims to reform the deed that they believe was inconsistent with the (expired) contract between the parties. The Supreme Court of Texas' recent decision in *Cosgrove v. Cade,* a copy of which is attached as Exhibit A for the Court's review, forecloses the Plaintiffs' contention that the discovery rule can apply to toll limitations on a claim to reform a deed where the alleged mistake is plainly apparent on the face of the deed. *Id.* at pg.2.

Mr. and Mrs. Whitfield have admitted that the difference between the (expired) contract and the deed was apparent as soon as they read it, but that they simply did not read it for 7 years after receiving it in 2001.  *See,* 2 CR 529, 540, 563, 564.

The supreme court's holding in *Cosgrove v. Cade* forecloses claims such as those by Plaintiffs that allege that a facially apparent error can be inherently undiscoverable and toll the statute of limitations, as follows:

> "Today we expressly hold what we have suggested for almost half a century: Plainly obvious and material omissions in an unambiguous deed charge parties with irrebuttable notice for limitations purposes. . . . Property Code section 13.002—"[a]n instrument that is properly recorded in the proper county is . . . notice to all persons of the existence of the instrument"—provides all persons, including the grantor, with notice of the deed's contents as well. . . . Because section 13.002 imposes notice of a deed's existence, it would be fanciful to conclude that an injury stemming from a plainly evident mutual mistake in the deed's contents would be inherently undiscoverable when any reasonable person could examine the deed and detect the obvious mistake within the limitations period."

Exhibit A, *Cosgrove v. Cade* (14-0346) at p.2

Given that the key and dispositive limitations/discovery rule issue raised by Plaintiffs' appeal has been conclusively decided against them and in favor of the trial court's summary judgments, Appellees trust that Appellants will not bring a frivolous appeal challenging those summary judgments again. Therefore, an Appellees' brief explaining why those summary judgments were proper is likely to never become necessary.

## CERTIFICATE OF CONFERENCE

Appellee's counsel has conferred with the attorney for Appellants and Appellants agree to the alternative request for an extension, but have not agreed to the Motion to Dismiss.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellees pray that this Court dismiss the appeal as interlocutory and premature, or, alternatively, grant Appellees a second extension of time to file Appellees' Brief(s) of at least 15 days following the Court's decision on the Motion to Dismiss.

Respectfully submitted,

PIPKIN & OLIVER, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209
Telephone: (210) 820-0082
Telecopier: (210) 820-0077

By: /s/ Kortney M. Kloppe-Orton
    William H. Oliver
    State Bar No. 15265200
    Kortney M. Kloppe-Orton
    State Bar No. 00794104
kkloppe@pipkinoliver.com
ATTORNEYS FOR APPELLEE KAREN
BRADLEY, INDEPENDENT
EXECUTRIX OF THE ESTATE OF
GENEVIEVE MAHER, DECEASED

STEED BARKER, PLLC
8610 N. New Braunfels, Suite 705
San Antonio, TX 78217
Telephone: (210) 829-8833
Telecopier: (210) 622-2808

By: /s/ Jerry T. Steed
    Jerry T. Steed
    State Bar No. 19097500
jtsteed@steedbarkerlaw.com
ATTORNEY FOR APPELLEES ONDREJ
AND PARIS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing MOTION TO DISMISS FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, FOR A SECOND EXTENSION OF TIME TO FILE APPELLEES' BRIEF(S) has been sent via electronic filing and/or e-mail to the following counsel of record on the 31st day of July, 2015:

James M. "Jamie" Parker, Jr.
Larry D. Warren
NAMAN HOWELL SMITH & LEE
10001 Reunion Place, Suite 600
San Antonio, TX 78216-4140
jparker@namanhowell.com
lwarren@namanhowell.com

Ward H. Thomas, Jr.
126 W. Main
Kenedy, Texas 78119
wardtlaw@aol.com

John R. Lane, Jr.
Matthew J. Countryman
Lane & Countryman
8526 N. New Braunfels Ave.
San Antonio, TX 78217
johnlane@jrl-law.com
mcountryman@irl-law.com

                    /s/ Kortney M. Kloppe-Orton
                    Kortney M. Kloppe-Orton